UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:12-CR-0252-B |
| | § | |
| LAWRENCE EDWARD KNOX, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lawrence Edward Knox's Emergency Motion for Compassionate Release (Doc. 68). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Defendant Lawrence Edward Knox pleaded guilty to possession of a controlled substance with intent to distribute and possession of a firearm during a drug trafficking crime, the Court sentenced him to 228 months of imprisonment and five years of supervised release. Doc. 60, J., 1–3.

Knox, who is now forty-nine years old, is serving his sentence at Fort Worth Federal Medical Center (FMC). His scheduled release date is March 7, 2032.[1] As of July 26, 2020, Fort Worth FMC has reported fifteen active cases of COVID-19, twelve COVID-19-related inmate deaths, and 592

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

recovered COVID-19 cases.[2] Knox claims that he was hospitalized with COVID-19 for ten days in April of 2020, and he still "suffers from his infection with COVID-19[.]" Doc. 68, Def.'s Mot., 4.

On July 15, 2020, Knox filed a motion seeking both compassionate release under 18 U.S.C. § 3582 and a court-appointed attorney. Doc. 68, Def.'s Mot., 1. The Court referred Knox's request for counsel to the magistrate judge, who thereafter denied Knox's request. Doc. 70, Order, 3. Below, the Court addresses the remainder of Knox's motion—his request for compassionate release.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*,

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

As explained below, the Court denies Knox's request for compassionate release because Knox has not provided proof of exhaustion, and the Court is not convinced that Knox faces extraordinary and compelling circumstances at this time. Further, the Court notes that § 3553(a)'s considerations do not favor compassionate release.

A. *Knox Has Not Demonstrated Proof of Exhaustion.*

In his motion, Knox has not provided proof of exhaustion of his administrative remedies. Knox states that "he has exhausted his administrative remedies" because he sent a letter to the warden "on May 20, 2020, over 30 days ago," and the warden never responded. Doc. 68, Def.'s Mot., 5–6. To substantiate this assertion, Knox attaches his letter, as well as an United States Postal Service certified mail receipt. *Id.* at 9–11. But Knox does not attach any proof that the warden actually received his request. *See generally id.*[3] Given that the Court lacks any evidence that Knox's

---

[3] In an effort to confirm the warden's receipt, the Court attempted to electronically track the letter through the number on Knox's receipt, but according to United States Postal Service's online tracker, the letter is still in transit. To track the letter, the Court accessed https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70051820000431203954 (last visited July 27, 2020).

request for compassionate release ever reached the warden, Knox has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, and the Court **DENIES** his motion **WITHOUT PREFIX PREJUDICE** to re-filing upon satisfaction of the exhaustion requirement.[4] *See* § 3582(c)(1)(A) (allowing the defendant to bring a motion on his own behalf after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

B.      *Irrespective of Exhaustion, Knox Has Not Shown Extraordinary and Compelling Reasons for Release.*

Regardless of whether Knox has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[5] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D.

---

[4] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Knox's motion, Knox has not shown extraordinary and compelling reasons for release at this time.

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here and concludes that Knox has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of his request for compassionate release, Knox explains that he was hospitalized with COVID-19 in April of 2020, and he now has lingering symptoms and an inhaler. Doc. 68, Def.'s Mot., 4, 8. Further, he points out the spread of COVID-19 at Fort Worth FMC and the facility's failure to contain the virus. *Id.* at 3–5.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at Fort Worth FMC. But the facility's statistics—592 recovered cases and fifteen active cases of COVID-19—suggest the decline of a severe outbreak rather than a rise in COVID-19 cases. Further, generalized concerns about the spread of COVID-19 at Knox's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Fort Worth FMC. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Knox's individual circumstances, Knox states that he was hospitalized for ten days after contracting COVID-19 in April and "placed on a breathing machine" during this hospitalization. Doc. 68, Def.'s Mot., 2. Now, Knox asserts that he still suffers from a lack of smell and taste and

headaches, and he must use an inhaler "when [his] breathing becomes labored in order to stay alive." *Id.* at 4. As evidence of his condition, Knox attaches the label of his prescription inhaler. *Id.* at 8. Knox concludes that he "cannot be a candidate for a second round of COVID-19 while in prison or he may die." *Id.* at 4.

Even accepting Knox's assertions as true despite a lack of medical documentation, the Court concludes Knox has not demonstrated extraordinary and compelling reasons for release at this time. Though the Court recognizes the severity of a ten-day hospital stay, two months have since passed, and Knox has not alleged life-threatening symptoms. *See id.* Although Knox mentions that his breathing still becomes difficult, he also indicates that he has an inhaler to remedy this issue. *Id.* at 4, 8. And as mentioned above, Knox's facility appears to be recovering from a COVID-19 outbreak, making a "second round of COVID-19" less concerning, though still plausible. *Id.* at 4.

Overall, given that Knox can effectively manage his breathing and Fort Worth FMC has only fifteen active cases of COVID-19, Knox has not demonstrated "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Knox's failure to provide extraordinary circumstances constitutes another justification for denying his motion without prejudice.

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release is Not Warranted.*

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Due to Knox's failure to exhaust his administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense,"

"promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Knox's case, the Court found nineteen years of imprisonment appropriate to serve these goals. *See* Doc. 60, J., 2. Given that Knox is scheduled to be released in March of 2032, he still has roughly eleven years and seven months remaining on his sentence—meaning he has completed less than half of the sentence. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. Thus, while the Court declines to foreclose compassionate release for Knox based on § 3553, the Court advises Knox that § 3553 could present an obstacle with respect to future compassionate-release requests.

## IV.

## CONCLUSION

Knox's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies. Moreover, Knox's present motion does not demonstrate extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** Knox's motion (Doc. 68) **WITHOUT PREJUDICE**.

By denying Knox's motion without prejudice, the Court permits Knox to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement, and (2) provide information supporting a finding of extraordinary and compelling reasons for release.

Lastly, as noted above, before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. § 3582(c)(1)(A). Though the Court need not conduct that analysis today, it notes that § 3553 appears to favor a denial of compassionate release.

SO ORDERED.

SIGNED: July 31, 2020.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE