UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:12-CR-0252-B |
| | § | |
| LAWRENCE EDWARD KNOX, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lawrence Edward Knox's Motion for Reconsideration (Doc. 72). For the reasons set forth below, the Court **DENIES** the motion.

## I.

## BACKGROUND

After Defendant Lawrence Edward Knox pleaded guilty to possession of a controlled substance with intent to distribute and possession of a firearm during a drug trafficking crime, the Court sentenced him to 228 months of imprisonment and five years of supervised release. Doc. 60, J., 1–3.

Knox, who is now fifty years old, is serving his sentence at Fort Worth Federal Medical Center (FMC). His scheduled release date is March 7, 2032.[1] As of September 8, 2020, Fort Worth FMC has thirty-two active cases of COVID-19, twelve COVID-19-related inmate deaths, and 580

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

recovered COVID-19 cases.[2]

On July 15, 2020, Knox filed a motion seeking compassionate release under 18 U.S.C. § 3582. Doc. 68, Def.'s Mot., 1. The Court denied Knox's motion, explaining that Knox had not satisfied the exhaustion requirement or shown extraordinary reasons for release. Doc. 71, Mem. Op. & Order, 3–6. Additionally, the Court noted that the factors of 18 U.S.C. § 3553 weighed in favor of denying compassionate release. *Id.* at 6–7.

Thereafter, Knox filed a motion for reconsideration (Doc. 72). In his motion, Knox urges the Court to grant compassionate release or, alternatively, transfer him to home confinement. Doc. 72, Def.'s Mot., 1. The Government responded to Knox's motion. *See* Doc. 72, Gov't's Resp.; Doc. 76, Gov't's Am. Resp. Thus, the motion is ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

---

[2] The Court accessed this statistic from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

## III.

## ANALYSIS

As set forth below, the Court denies Knox's motion to reconsider because, although Knox appears to satisfy the exhaustion requirement, his circumstances do not rise to the level of extraordinary and compelling—especially in light of § 3553(a)'s considerations. Additionally, because the Court lacks the authority to transfer Knox to home confinement, the Court denies Knox's motion insofar as it requests home confinement.

A.  *Knox Satisfies the Exhaustion Requirement.*

In his initial motion for compassionate release, Knox stated that "he ha[d] exhausted his administrative remedies" because he sent a letter to the warden "on May 20, 2020, over 30 days ago," and the warden never responded. Doc. 68, Def.'s Mot., 5–6. To substantiate this assertion, Knox attached his letter, as well as an United States Postal Service certified mail receipt. *Id.* at 9–11. But because Knox did not attach any proof that the warden actually received his request, the Court held that Knox did not satisfy the exhaustion requirement. Doc. 71, Mem. Op. & Order, 3–4.

Now, however, the Government has provided Knox's letter to the warden of the facility, dated May of 2020,[3] which has a file stamp indicating that the warden of his facility did indeed receive his letter. *See* Doc. 76-2, Letter, 1–2. For whatever reason, the stamp is blank as to the date of receipt. *See id.* at 1. While the Government indicates that the warden received the request on July 29, 2020, Doc. 76, Gov't's Am. Resp., 2, there is no proof of this receipt date in the record. Because the only discernible date on the request is in May of 2020, the warden received this request, and

---

[3] The Government suggests that the month handwritten by Knox may be "May" or "July." Doc. 76, Gov't's Am. Resp., 2 n.3. The Court believes that the letter clearly states "May." *See* Doc. 76-2, Letter, 1.

Knox did not file his motion until July 15, 2020, the Court assumes, for purposes of resolving Knox's motion for reconsideration, that he has satisfied § 3582(c)(1)(A)'s exhaustion requirement. *See* § 3582(c)(1)(A) (allowing the defendant to bring a motion on his own behalf after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

B. *Given Knox's Stable Condition and the Seriousness of Knox's Offenses, Knox Has Not Shown Extraordinary and Compelling Reasons for Release.*

Section 3582(c)(1)(a) permits the Court, "after considering the factors set forth in section 3553(a)," to reduce a defendant's sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]"

Upon reconsideration, the Court still concludes that Knox has not shown "extraordinary and compelling reasons" justifying his release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g., United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D.

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1.

Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here.[5] In his motion for reconsideration, Knox points out that he was hospitalized with a severe COVID-19 infection in April of 2020, and he now uses an inhaler. Doc. 72, Def.'s Mot., 1–2, 20. The Court has already addressed these matters in its order denying compassionate release and adheres to its reasoning in that order. *See* Doc. 71, Mem. Op. & Order, 5–6. Accordingly, the Court declines to find that Knox's previous hospitalization and resulting need for an inhaler warrant compassionate release. *See United States v. Stockman*, 2020 WL 5269756, at *3–4 (S.D. Tex. Aug. 26, 2020) (denying compassionate release where a defendant "argue[d] that the possibility of reinfection and long-term health complications demonstrate[d] continuing extraordinary and compelling reasons for release").

Next, Knox explains that he suffers from bradycardia and obesity. *See* Doc. 72, Def.'s Mot., 2–3, 19 (documenting Knox's body mass index of 30), 21 (noting Knox's "sinus bradycardia" on April 24, 2020). The Court assumes that Knox points out these conditions to demonstrate a higher risk of severe symptoms should he contract another COVID-19 infection.

Even assuming these conditions may increase Knox's risk of suffering severe symptoms from

---

[5] Because the Court recognizes that it is not necessarily confined to the policy statement, the Court rejects the Government's argument that "[i]f a defendant's medical condition does not fall within one of the categories set out in the application note [of the policy statement] (and no other part of the application note applies), his motion must be denied." Doc. 76, Gov't's Am. Resp., 8.

COVID-19, the Court does not find Knox's health constitutes an extraordinary and compelling reason for release. The medical records provided by Knox and the Government do not contain any recent report of serious illness. *See generally* Doc. 76-1, Medical Records; Doc. 72, Def.'s Mot. Indeed, multiple records from May of 2020 evidence Knox's recovery from COVID-19. *See, e.g.*, Doc. 76-1, Medical Records, 14 (noting that Knox "[r]eports all previous symptom[s] have resolved" and "[s]tates he has returned to exercising without issues"). More importantly, Knox has not shown that his facility is unable to provide proper medical care should he contract COVID-19 again. Based on the medical records before the Court, medical professionals monitored Knox closely throughout and following his COVID-19 infection. *See, e.g.*, Doc. 72, Def.'s Mot., 7 (evidencing treatment of Knox's COVID-19 infection); Doc. 76-1, Medical Records, 4–6 (documenting Knox's body temperature for thirteen subsequent days in May).

Further, application of the factors of § 3553 weighs against compassionate release. *See* § 3582(c)(1)(A) (requiring the Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" before finding "extraordinary and compelling reasons" for a sentence reduction). As the Court has already noted, Knox has completed less than half of his nineteen-year sentence; thus, his release now would not "promote respect for the law." § 3553(a)(2)(A); *see* Doc. 71, Mem. Op. & Order, 6–7. Moreover, the Court must account for whether Knox's sentence "afford[s] adequate deterrence to criminal conduct[.]" § 3553(a)(2)(B). As the Government notes, this is not Knox's first drug-related federal sentence—Knox was imprisoned for several years for conspiring to sell cocaine before he was arrested on the charges in this case. Doc. 76, Gov't's Am. Resp., 1. Under these circumstances, reducing Knox's sentence by roughly twelve years is unlikely to deter his criminal conduct. *See* § 3553(a)(2)(B). Accordingly, the Court concludes that Knox has

-6-

not demonstrated "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

C.    *The Court Lacks the Authority to Order Home Confinement.*

Alternatively to compassionate release, Knox seeks a transfer to home confinement. Doc. 72, Def.'s Mot., 1. But it is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)) (noting that requests for home confinement "are properly directed to the [BOP]") . Thus, this Court lacks the authority to move Knox to home confinement.

## IV.

## CONCLUSION

Knox still has not demonstrated extraordinary and compelling reasons for release—particularly in light of the § 3553 factors. Moreover, the Court lacks the authority to transfer Knox to home confinement. Consequently, the Court **DENIES** Knox's motion for reconsideration (Doc. 72) of the Court's order denying compassionate release (Doc. 71).

Because the Court denied Knox's motion for compassionate release without prejudice, *see* Doc. 71, Mem. Op. & Order, 7, Knox may file a subsequent motion for compassionate release so long as he has: (1) satisfied the exhaustion requirement with respect to his compassionate-release request, and (2) provides new information supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: September 11, 2020.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE