UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:12-CR-0252-B |
| | § | |
| LAWRENCE EDWARD KNOX, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lawrence Edward Knox's Motion for Compassionate Release (Doc. 78). Because Knox has not provided an extraordinary and compelling reason necessitating release, the Court **DENIES** Knox's Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 1991, a court in the Lubbock Division of the Northern District of Texas sentenced Knox to 200 months of imprisonment followed by a ten-year term of supervised release for conspiracy to possess with intent to distribute cocaine. Doc. 40-1, Presentence Report, ¶¶ 38–39. While on supervised release, in August 2012, Knox was indicted on two counts: possession of a controlled substance with intent to distribute and possession of a firearm during and in relation to a drug trafficking crime. Doc. 11, Indictment, 1–2. On October 25, 2013, Knox was sentenced to 228 months of imprisonment and five years of supervised release after pleading guilty to both counts. Doc. 60, J., 1–3. Additionally, the Lubbock court found that Knox had violated his conditions of supervised release for the 1991 offense, revoked his release, and imposed a forty-

eight-month sentence to run consecutively to the sentence imposed by this Court. *See* Order, *United States of America v. Knox*, No. 1:91-CR-0045-C (N.D. Tex. Dec. 11, 2014), ECF No. 21.

Knox is currently fifty-two years old and is confined at Big Spring Federal Correctional Institution with a release date of March 7, 2032.[1] Knox filed this Motion for Compassionate Release on May 8, 2023. Doc. 78, Mot. The Court ordered the Government to file a response to Knox's motion, and the Government did so on July 7, 2023. Doc. 80, Order; Doc. 82, Resp. The Court reviews Knox's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Knox Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP]

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s inmate locator, available at https://www.bop.gov/inmateloc/ (last visited July 10, 2023).

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Knox has attached to his Motion an email he sent the warden—dated March 28, 2023—following up on his February 15, 2023 request for compassionate release "due to sentence disparity." Doc. 78, Mot., 8. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of [Knox's] facility." *See* § 3582(c)(1)(A). Thus, Knox has demonstrated proof of exhaustion, and the Court turns to the merits of his Motion.

B.   *Knox Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Knox has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at

392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

Considering Knox's Motion in light of Section 1B1.13, the Court concludes that Knox has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A)(i). Knox argues first that due to changes in federal sentencing law, he no longer qualifies as a career criminal and "would be sentenced differently today." Doc. 78, Mot., 9. Knox next argues that this Court should reconsider the sentence imposed by the Lubbock court in 1991 because if he was sentenced today, due to a change in the law, he would no longer trigger the statutory minimum sentence of ten years. *Id.* at 10. Both arguments fail.

The Court begins with Knox's career offender argument. Under Section 4B1.1 of the Sentencing Guidelines, "career offenders" are sentenced more harshly than other offenders. *See* U.S.S.G. Section 4B1.1. A defendant qualifies as a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. Section 4B1.1(a).

However, the Supreme Court recently clarified in *Mathis v. United States*, 579 U.S. 500 (2016) how courts should consider prior convictions. There, the Supreme Court held that when determining whether a past conviction triggers the Armed Career Criminal Act, courts must

consider the elements of the prior crime, not the means of committing the crime. *See Mathis*, 579 U.S. at 519. In light of this opinion, the Fifth Circuit held that Section 481.112(a) of the Texas Health and Safety Code did not qualify as a controlled substance offense under Section 4B1.1. *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017). Knox was convicted under a previous iteration of Section 481.112(a) of the Texas Health and Safety Code prior to the *Tanksley* opinion and argues this change warrants a sentence reduction. The Court disagrees.

Non-retroactive changes in the law do not constitute extraordinary and compelling reasons for release. *United States v. McMaryion*, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) ("[A] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling."). And the Supreme Court in *Mathis* did not "set forth [a] new rule[] of constitutional law that ha[s] been made retroactive to cases on collateral review." *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016).

Knox's second argument fails for the same reason.[2] Knox challenges his 1991 sentence based on a non-retroactive change in the law through the Fair Sentencing Act of 2010, Pub. L.

---

[2] The Government argues that the Court cannot modify Knox's 1991 sentence because the sentence was imposed by a different judge in this district. Doc. 82, Resp., 10. There is case law supporting this position. *See United States v. Givens*, 2022 WL 2262716, at *1 (E.D. La. June 23, 2022) (explaining the court had "no power to modify" a term of imprisonment that was imposed by a different judge); *see also Humphrey v. Bankers Mortg. Co. of Topeka*, 79 F.2d 345, 352 (10th Cir. 1935) ("[T]he deliberate judicial acts of one judge are not open to review by another judge of the same court having co-ordinate jurisdiction."). However, a related line of cases stemming from the Supreme Court's opinion in *Garlotte v. Fordice*, 515 U.S. 39 (1995) suggest that there may be a scenario where a court could consider a sentence imposed by a different judge under a motion for compassionate release. *See United States v. Chapple*, 847 F.3d 227, 231 (5th Cir. 2017) (declining to address the possibility of "fairness concerns" in the context of a compassionate release motion concerning "simultaneously imposed sentences"). Regardless, here, Knox's sentences were imposed separately, so the scenario raised in *Chapple* is inapplicable. *See id*. at 231 (affirming the denial of a compassionate release motion raising a *Garlotte* question where the defendant

No. 111–220, 124 Stat. 2372. Doc. 78, Mot., 10 (challenging the application of a ten-year mandatory minimum sentence to Knox's offense because today, a five-year mandatory minimum would apply); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) ("The Fair Sentencing Act . . . does not apply retroactively."). And again, this non-retroactive change in the law does not constitute an extraordinary and compelling reason for release. *See McMaryion*, 2023 WL 4118015, at *2. In sum, the Court cannot conclude there are "extraordinary and compelling reasons" for Knox's release. *See* § 3582(c)(1)(A).

C.   *The § 3553 Factors Weigh Against Release*

Finally, even if Knox had demonstrated extraordinary and compelling reasons warranting a sentence modification, the Court is required to consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A). The Court is not persuaded that these factors support Knox's request.

Here, Knox committed his most recent drug and firearm offenses after serving a sentence and while on supervised release for a separate drug offense. Knox's request for a sentence modification would not "reflect the seriousness of the offense," "protect the public from further crimes of the defendant," "promote respect for the law," or "afford adequate deterrence to criminal conduct[.]" *See* § 3553(a)(2)(A). Further, he has served just over half of his sentence. *See Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). And while the Court

---

received "consecutive sentences on separate occasions"). Because Knox has not raised an extraordinary and compelling reason for compassionate release, the Court declines to consider this issue further.

may consider intervening changes in the law when weighing the § 3553(a) factors, *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), no other factor supports Knox's request for release. The § 3553(a) factors thus weigh against a sentence modification. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Knox's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Knox's Motion (Doc. 78) **WITHOUT PREJUDICE**.

By denying Knox's Motion without prejudice, the Court permits Knox to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Knox merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

**SO ORDERED.**

**SIGNED: July 25, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE